IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| ANDREW DAVID GOLIE,<br><br>Plaintiff,<br><br>vs.<br><br>LEROY KIRKEGARD, OFFICER DONALD HEIMBUCH, DAN HESS, SHELLY STEYH, OFFICER RICHARD RANDALL, THOMAS MALCOMB, PAUL LUCIER, DENISE DEYOTTE, ROXANNE WIGERT, and CASE MANAGER B. CHRISTA,<br><br>Defendants. | CV-14-00010-H-DLC-JTJ<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

After conducting the prescreening process mandated by 28 U.S. C. § 1915, the Court found Plaintiff Andrew Golie's allegations regarding denial of hygiene items and delayed mail sufficient to state a claim. (June 25, 2014 Order, Doc. 7.) The Court will direct service of those claims on Defendants Lucier and Deyott. Mr. Golie's allegations of denial of due process in his disciplinary proceedings, denial of hot water, and destroyed property failed to state a claim. Mr. Golie was given an opportunity to file an amended complaint regarding those claims. (Doc. 7.) Mr. Golie has filed an Amended Complaint. (Doc. 10.)

The Court has considered whether the Amended Complaint is frivolous,

1

malicious, fails to state a claim, or seeks solely monetary relief from a defendant who is immune and makes the following findings. *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b). Mr. Golie's claims regarding his disciplinary and classification proceedings, his claims regarding being fined during a disciplinary hearing, and his due process claims regarding the loss and/or destruction of books and magazines fail to state a claim upon which relief may be granted. These claims and Defendants Kirkegard, Heimbuch, Hess, Steyh, Randall, Wigert, Horsewill, Pentland, and Christa should be dismissed with prejudice.

With liberal construction, the Court finds that Defendants Malcomb, Lucier, Deyotte, and Edwards must respond to Mr. Golie's due process claim regarding the destruction of photos and other property during a cell search, his First Amendment mail claims, and his Eighth Amendment hygiene and denial of medical care claims.

On January 29, 2015, Mr. Golie filed a motion for discovery, motion to add additional claims, and request for copies of currently filed claims. (Doc. 12.) This motion will be denied.

## I. STATEMENT OF THE CASE

### A. Parties

Mr. Golie is a prisoner proceeding in forma pauperis. He is currently

incarcerated at Montana State Prison.[1]

Mr. Golie names the following Defendants from Montana State Prison: Warden Leroy Kiregard, Gang Coordinator Dan Hess, Case Manager Shelly Steyh; former employee Richard Randall, Correctional Officer Thomas Malcomb, Case Manager Paul Lucier, Mailroom Supervisor Denise Deyotte, Classification Supervisor Roxanne Wigert, Hobby Director Karen Horsewill, Grievance Hearing Officer Donald Heimbuch, Dr. Edwards, and Hearings Officer Pentland. He names two individuals from Dawson County Correctional Facility: Grievance Hearing Officer Donald Heimbuch and Case Manager B. Christa. (Amended Complaint, Doc. 10 at 3-5.)

**B.     Allegations in Amended Complaint**

The allegations contained in the original complaint were set forth in detail in the Court's prior order (Doc. 7) and will not be restated herein. The Court will discuss any material additions to those factual allegations in the analysis section of this Order.

Mr. Golie raises one additional claim in his Amended Complaint. He alleges the mental health department and Dr. Edwards denied him prescribed medications

---

[1]However, some of the incidents giving rise to his Complaint occurred at Dawson County Correctional Facility.

for his mental disorders of Attention Deficit Hyperactivity Disorder (ADHD) and extreme anxiety. He further alleges he had been diagnosed with these disorders by three separate mental health professionals. This deprivation allegedly aggravated and substantiated an atypical hardship on him during his terms of locked housing, inducing extreme depression, mental anguish, stress, and anxiety. (Amended Complaint, Doc. 10-1 at 4-5.) He alleges Dr. Edwards refused to have him properly screened and diagnosed for his mental disorders, refused to get his mental health records from previous doctors, refused to give him his appropriate medications and prescriptions, and did not release copies of his mental health records as ordered per grievance. (Amended Complaint, Doc. 10-1 at 6.)

## II. PRESCREENING ANALYSIS

### A. Fourteenth Amendment Procedural Due Process

Mr. Golie continues to allege deprivations of both liberty and property interests without due process.

#### 1. Liberty Interests

Mr. Golie alleges he was denied due process when he was placed in disciplinary confinement, administrative segregation, pre-hearing confinement, and solitary confinement; he was placed in a higher custody level; he was transferred to another prison; and he lost privileges. But he has still not presented sufficient facts

4

to establish that any of these sanctions constituted an "atypical or significant hardship" sufficient to trigger a liberty interest. The only significant additional fact added by Mr. Golie is that his disciplinary record may impact his chances at parole and, therefore, may impact the length of his confinement. The United States Supreme Court, however, has held that because the decision to grant or deny parole is based on a myriad of considerations, "[t]he chance that a finding of misconduct will alter the balance [or a parole suitability decision] is simply too attenuated to invoke the procedural guarantees of the Due Process Clause" *Sandin v. Conner*, 515 U.S. 472, 487 (1995); *see also Ramirez v. Galaza*, 334 F.3d 850, 859 (9th Cir. 2003) (successful challenge to a prison disciplinary proceeding will not necessarily shorten the length of confinement because the Board could deny parole for other reasons).

As the Court previously found, Mr. Golie's placement in disciplinary confinement, administrative segregation, solitary confinement, classification to a higher custody level, and/or his transfer to a different facility did not place an atypical or significant hardship on him sufficient to give rise to a protected liberty interest. *See Sandin,* 515 U.S. at 486. As such, Mr. Golie has not alleged the deprivation of a protected liberty interest and his due process claims regarding his disciplinary/ classification proceedings fail to state a claim.

## 2. Property Interests

In his original Complaint, Mr. Golie failed to state a due process claim with respect to the September 25, 2013 disciplinary write-up. As a result of the write-up, he was fined $30.00. Mr. Golie alleged he was provided written notice of the violation via a "write-up," participated in a hearing, and was informed of the decision. Doc. 2-1 at 14-16. Nothing in Mr. Golie's Amended Complaint changes the Court's analysis in its June 25, 2014 Order. This claim should be dismissed for the reasons set forth in the previous Order. (Doc. 7.)

Mr. Golie also alleges Officer Baily and Defendant Malcomb stole and/or destroyed his photos and other materials during a cell search.[2] In his Amended Complaint, Mr. Golie alleges Defendant Lucier authorized these Defendants to commit these violations. Out of an abundance of caution, this claim will be served upon Defendants Malcomb and Lucier.

In his original Complaint, Mr. Golie alleged that three books and a magazine were taken from his property and destroyed without a hearing. Mr. Golie does not

---

[2]Officer Baily is discussed in the body of the Amended Complaint, but he is not listed as a Defendant in the case style (Doc. 10 at 1), in the parties section of the Amended Complaint (Doc. 10 at 3-5), or in the section in which Mr. Golie discusses the Defendants involved. (Doc. 10-1 at 5.) Under Federal Rule of Civil Procedure 10(a) "[t]he title of the complaint must name all the parties" in a given action. The Court does not consider Officer Baily a defendant in this action.

specify in either his original Complaint or his Amended Complaint who is responsible for this deprivation or whether the destruction of the property was authorized, unauthorized, or accidental. These allegations fail to state a claim upon which relief may be granted. As Mr. Golie had an opportunity to amend this claim to clarify his allegations and he failed to do so, this claim should be dismissed.

### B. Eighth Amendment Claims

#### 1. Hygiene

In his original Complaint, Mr. Golie claimed he was denied basic personal hygiene items during two of his disciplinary confinements. He also alleged he was denied hot water during his 11-day disciplinary confinement in November 2013. In his Amended Complaint, Mr. Golie alleges he told Defendants Malcomb and Lucier that it was very cold outside and in his cell, and that it was detrimental to his health and safe hygiene to use only cold water. He alleges he became sick due to these deficiencies. Out of an abundance of caution, Defendants Lucier and Malcomb must respond to Mr. Golie's hygiene claims. *See Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006) ("A lack of heat, clothing, or sanitation can violate the Eighth Amendment."); *Ramos v. Lamm*, 639 F.2d 559, 568 (10th Cir. 1980) ("[A] state must provide . . . reasonably adequate ventilation, sanitation, bedding, hygienic materials, and utilities (*i.e.*, hot and cold water, light, heat, plumbing).").

## 2. Denial of Medical Care

In order to prevail on an Eighth Amendment claim for inadequate medical care, a plaintiff must show "deliberate indifference" to his "serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). "This includes 'both an objective standard—that the deprivation was serious enough to constitute cruel and unusual punishment—and a subjective standard—deliberate indifference.'" *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014) (citation omitted). To meet the objective element of the standard, a plaintiff must demonstrate the existence of a serious medical need. *Estelle*, 429 U.S. at 104. To satisfy the subjective element, the plaintiff must show that "the official knows of and disregards an excessive risk to inmate health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

Mr. Golie alleges Dr. Edwards refused to provide him with previously prescribed medications for his mental disorders of ADHD and extreme anxiety. He alleges Dr. Edwards refused to have him properly screened and diagnosed for his mental disorders, refused to get his mental health records from previous doctors, refused to give him his appropriate medications and prescriptions, and did not release copies of his mental health records as ordered per grievance. (Amended

8

Complaint, Doc. 10-1 at 6.) Liberally construed, these allegations state a claim under the Eighth Amendment for denial of medical care. Dr. Edwards must respond to these allegations.

### III. PENDING MOTIONS

On January 29, 2015, Mr. Golie filed a motion for discovery, motion to add additional claims, and request for copies of currently filed claims. (Doc. 12.) It is not clear from the filing what additional claims Mr. Golie seeks to add. He states: "Since the entry of 550 prisoner civil litigation very similar and continuing violations have been continued by some additional and current defendants here at Montana State Prison." (Motion to Add Claims, Doc. 12 at 1.) Local Rule 15.1 provides that when filing a motion for leave to amend or supplement a pleading, the party must attach the new proposed pleading to the motion as an exhibit. Because Mr. Golie did not comply with this Local Rule, the Court cannot determine what additional claims Mr. Golie seeks to add. The motion to add claims will be denied without prejudice.

Mr. Golie also seeks to move to the discovery phase and an order from the Court directing the Defendants to provide certain discovery. Local Rule 26.1(d) provides that in actions brought without counsel, no party may begin discovery until a scheduling order has been issued. After Defendants file an Answer, the

Court will issue an order setting forth a schedule for discovery and the filing of motions. With the scheduling order, Mr. Golie will receive the rules governing discovery. The rules set forth the methods by which Mr. Golie may obtain discovery. The Court will not become involved in discovery issues unless the parties first have attempted to resolve the issue without Court interference.

The Clerk of Court will be required to provide Mr. Golie with a copy of his Complaint.

**IV. CONCLUSION**

For the reasons set forth in the June 25, 2014 Order (Doc. 7) and herein, the Court finds that Mr. Golie's claims regarding his disciplinary and classification proceedings, the fine that resulted from the disciplinary hearing, and the loss and/or destruction of books and magazines fail to state a claim upon which relief may be granted. These claims and Defendants Kirkegard, Heimbuch, Hess, Steyh, Randall, Wigert, Horsewill, Pentland, and Christa should be dismissed.

The Court has considered whether Mr. Golie's claims of destruction of photos and other property without due process, his First Amendment mail claims, and his Eighth Amendment hygiene and denial of medical care claims are frivolous, malicious, fail to state a claim, or seek solely monetary relief from a defendant who is immune. *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b). It has also

considered whether Mr. Golie has a reasonable opportunity to prevail on the merits of these claims. *See* 42 U.S.C. § 1997e(g)(2) (while defendants may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that plaintiff has a "reasonable opportunity to prevail on the merits," defendants are required to respond). With liberal construction, the Court finds that these allegations warrant a response from Defendants Malcomb, Lucier, Deyotte, and Edwards.

Mr. Golie's motion for discovery, motion to add additional claims, and request for copies of currently filed claims, Doc. 12, will be denied.

Based upon the foregoing, the Court issues the following:

### ORDER

1. Mr. Golie's Motion for Discovery and Motion to Add Claims (Doc. 12) are **DENIED**.

2. The Clerk of Court is directed to provide Mr. Golie with a copy of his Complaint. (Doc. 2.)

3. Pursuant to Fed.R.Civ.P. 4(d), Defendants Malcomb, Lucier, Deyotte,

and Edwards are asked to waive service of summons by executing, or having counsel execute, the Waiver of Service of Summons.³ The Waiver must be returned to the Court within **thirty (30) days of the entry date reflected on the Notice of Electronic Filing**. If these Defendants choose to return the Waiver of Service of Summons, the answer or appropriate motion will be due within 60 days after the entry date of this Order as reflected on the Notice of Electronic Filing, pursuant to Fed.R.Civ.P. 12(a)(1)(B).

    4. The Clerk of Court shall forward the documents listed below to:

> Legal Counsel for the
> Montana Department of Corrections
> P.O. Box 201301
> Helena, MT 59620-1301

*     Complaint (Doc. 2);

*     Court's June 25, 2014 Order (Doc. 7);

*     Amended Complaint (Doc. 10);

*     this Order;

*     a Notice of Lawsuit & Request to Waive Service of Summons; and

*     a Waiver of Service of Summons.

    5. Any party's request that the Court grant relief, make a ruling, or take an

---

³As the remaining Defendants will be recommended for dismissal, they are not required to file a responsive pleading at this time.

action of any kind must be made in the form of a motion, with an appropriate caption designating the name of the motion, served on all parties to the litigation, pursuant to Federal Rules of Civil Procedure 7, 10, and 11. If a party wishes to give the Court information, such information must be presented in the form of a notice. The Court will not consider requests made or information presented in letter form.

    6. Pursuant to Fed.R.Civ.P. 5(a), all documents presented for the Court's consideration must be simultaneously served by first-class mail upon the opposing party or their counsel if the party is represented. Each party shall sign and attach a proper certificate of service to each document filed with the Court. The Certificate of Service must state the date on which the document was deposited in the mail and the name and address of the person to whom the document was sent. The sender must sign the certificate of service.

    7. Mr. Golie <u>shall not</u> make any motion for default until at least seventy (70) days after the date of this Order.

    8. At all times during the pendency of this action, Mr. Golie must immediately advise the Court and opposing counsel of any change of address and its effective date. Failure to file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Further, the Court issues the following:

**RECOMMENDATIONS**

1. Mr. Golie's due process claims regarding his disciplinary and classification proceedings, his claims regarding being fined during a disciplinary hearing, and his due process claims regarding the loss and/or destruction of books and magazines fail to state a claim upon which relief may be granted and should be **DISMISSED** with prejudice.

2. Defendants Kirkegard, Heimbuch, Hess, Steyh, Randall, Wigert, Horsewill, Pentland, and Christa should be **DISMISSED** with prejudice.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

Mr. Golie may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[4] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a) should not be filed

---

[4] As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed.R.Civ.P. 6(d). Therefore, three (3) days are added after the period would otherwise expire.

until entry of the District Court's final judgment.

DATED this 23rd day of February, 2015.

                                              *John Johnston*
                                              John Johnston
                                              United States Magistrate Judge

# NOTICE OF LAWSUIT AND REQUEST FOR WAIVER OF SERVICE OF SUMMONS

TO: Legal Counsel for the Montana Department of Corrections
P.O. Box 201301
Helena, MT 59620-1301

A lawsuit has been commenced by a pro se plaintiff against Thomas Malcomb, Paul Lucier, Denise Deyott, and Dr. Edwards. A copy the Complaint and Amended Complaint are attached to this notice. They have been filed in the United States District Court for the District of Montana, Civil Action No. CV-14-10-H-DLC-JTJ. The Court has completed its pre-screening and concludes these Defendants must file a responsive pleading. *See* 42 U.S.C. § 1997e(c), (g)(2); 28 U.S.C. §§ 1915(e)(2), 1915A(a), (b).

This is not a formal summons or notification from the Court, but rather a request that you sign and file the enclosed waiver of service in order to save the cost of service by the U.S. Marshal's Service. The cost of service will be avoided if you file the signed Waiver of Service of Summons within 30 days of the date the Order directing this Notice of Lawsuit and Request for Waiver of Service of Summons to be sent was entered as indicated on the Notice of Electronic Filing.

If you comply with this request and return the waiver to the Court, it will be filed with the Court and no summons will be served. The action will then proceed as if you had been served on the date the waiver is filed, except you must file an answer or appropriate motion within 60 days of the date the Order directing this Notice of Lawsuit and Request for Waiver of Service of Summons to be sent was entered as indicated on the Notice of Electronic Filing.

If you do not wish to waive service on behalf of Defendants, please indicate this on the Waiver of Service of Summons form. The Court will, in turn, order the U.S. Marshal's Service to serve the complaints personally on Defendants and may impose the full costs of such service.

                                    */s/ John Johnston*
                                    John Johnston
                                    United States Magistrate Judge

# WAIVER OF SERVICE OF SUMMONS

TO: The U.S. District Court for the District of Montana

  The following Defendants acknowledge receipt of your request to waive service of summons in the following action: <u>Golie v. Kirkegard, et al.</u>, Civil Action No. CV-14-10-H-DLC-JTJ, filed in the United States District Court for the District of Montana. Defendants also received a copy of the Complaint and Amended Complaint. I am authorized by the following Defendants to agree to save the cost of service of a summons and an additional copy of the Complaints in this action by not requiring that the following individuals be served with judicial process in the case provided by Fed.R.Civ.P. 4:

_____; _____;

_____; _____;

_____; _____;

  The above-named Defendants retain all defenses or objections to the lawsuits or to the jurisdiction or venue of the Court except for objections based on a defect in the summons or in the service of the summons. I understand judgments may be entered against the above-named Defendants if an answer or motion under Fed.R.Civ.P. 12 is not served within 60 days after the date the Order directing the Notice of Lawsuit and Request for Waiver of Service of Summons to be sent was entered as indicated on the Notice of Electronic Filing.

  I decline to waive service on behalf of the following Defendants:

_____; _____;

_____; _____;

_____; _____;

_____     _____
DATE              SIGNATURE

               _____
               PRINTED/TYPED NAME

               _____

               _____
               ADDRESS