IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION



FILED
APR 2 3 2015
Clerk, U.S. District Court
District Of Montana
Missoula

| | |
|---|---|
| ANDREW DAVID GOLIE,<br><br>Plaintiff,<br><br>vs.<br><br>LEROY KIRKEGARD, OFFICER DONALD HEIMBUCH, DAN HESS, SHELLY STEYH, OFFICER RICHARD RANDALL, THOMAS MALCOMB, PAUL LUCIER, DENISE DEYOTT, ROXANNE WIGERT, and CASE MANAGER B. CHRISTA,<br><br>Defendants. | CV 14–10–H–DLC–JTJ<br><br>ORDER |

Plaintiff Golie filed his Complaint in this matter on February 28, 2014. On June 25, 2014, United States Magistrate Judge Keith Strong issued an order noting that many of the claims in Golie's Complaint failed to state a claim for relief, but granting Golie leave to file an amended pleading. Golie filed his Amended Complaint on September 3, 2014, and the case was subsequently reassigned to United States Magistrate Judge John T. Johnston. Judge Johnston entered his order, findings, and recommendations regarding the Amended Complaint on February 23, 2015, recommending, *inter alia*, that three of Plaintiff

Golie's claims, virtually unchanged from the original pleading, should be dismissed with prejudice for failing to state a claim. Golie timely objected to the findings and recommendations on these issues, and so is entitled to *de novo* review of the record. 28 U.S.C. § 636(b)(1). The portions of the findings and recommendations not specifically objected to will be reviewed for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). "Where a [party's] objections constitute perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original [pleading], the applicable portions of the findings and recommendations will be reviewed for clear error." *Rosling v. Kirkegard*, 2014 WL 693315 *3 (D. Mont. Feb. 21, 2014) (citations omitted). For the reasons explained below, the Court adopts Judge Johnston's findings and recommendations in part.

Judge Johnston recommended dismissing Golie's claims related to disciplinary proceedings and associated changes in confinement status, a $30 fine imposed due to a disciplinary infraction, and the alleged confiscation/destruction of three books and a magazine without a hearing. Judge Johnston found, in line with Judge Strong's earlier analysis, that: (1) Golie failed to allege facts raising the confinement issues to the level of "atypical or significant hardship" sufficient

to trigger a liberty interest, *See Myron v. Terhune*, 476 F.3d 716, 718 (9th Cir. 2007); (2) Golie was afforded adequate due process relative to the violation and hearing which led to the $30 fine; and (3) Golie failed to include sufficient detail regarding the incident with the books and magazines to adequately state a claim for relief. Further, as to the first of these claims, Judge Johnston found that any alleged impact upon Golie's chances of parole caused by the disciplinary and confinement issues were insufficient to raise a due process claim, given the uncertainty inherent in the parole process. *See Sandin v. Conner*, 515 U.S. 472, 487 (1995).

Golie objects to Judge Johnston's recommendations on each of these claims. As to the disciplinary and confinement claims, including the claim related to the fine, Golie alleges that the "infractions [he] was found guilty of were not the same infractions [he] had served to him on the written notice of the violation," making it impossible for him to put on an adequate defense at the hearing. (Doc. 15 at 2.) The Court views this objection merely as a reformulation of a conclusory theme in Golie's Amended Complaint – that prison officials improperly informed him of disciplinary charges he faced. Golie provides no factual detail as to this allegation in his objections, and thus still fails to state a claim as to the first two of the three claims Judge Johnston recommends dismissing. Judge Johnston's findings and

recommendations are adopted in this respect.

As to the property-based claim related to his books and magazine, Golie's objections, construed liberally, cure the defect identified by Judge Johnston. Judge Johnston recommended dismissing the claim because Golie failed to identify the parties involved in the confiscation/destruction and whether it was authorized. In his objections, Golie indicates that Defendants Lucier and Malcomb authorized the deprivation, albeit apparently through negligence. Nevertheless, Golie provides the lacking details. Because Judge Johnston did not have this information at the time he issued his February 23, 2015 order, the findings and recommendations must be rejected as to this claim.

Accordingly, IT IS ORDERED that Judge Johnston's findings and recommendations (Doc. 13) are ADOPTED IN PART. Golie's Fourteenth Amendment claim for deprivation of property without due process, as it relates to the confiscation/destruction of his books and magazine, shall proceed. Defendants Lucier and Malcomb shall address this claim in their Answer or appropriate motion, as outlined in Judge Johnston's February 23, 2015 order.

IT IS FURTHER ORDERED that Golie's claims regarding his disciplinary and classification proceedings, and his claims regarding being fined during a disciplinary hearing, are DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that Defendants Kirkegard, Heimbuch, Hess, Steyh, Randall, Wigert, Horsewill, Pentland, and Christa are DISMISSED from this action.

DATED this 23rd day of April, 2015.

/s/ Dana L. Christensen
Dana L. Christensen, Chief Judge
United States District Court