IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| ANDREW DAVID GOLIE,<br><br>Plaintiff,<br><br>vs.<br><br>THOMAS MALCOMB, PAUL LUCIER, DENISE DEYOTTE, and DR. EDWARDS,<br><br>Defendants. | CV-14-00010-H-DLC-JTJ<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Plaintiff Andrew Golie, a state prisoner proceeding pro se and in forma pauperis, has filed a "Motion for the Appointment of Counsel, Request for Temporary Injunction, Extension Request, Motion to Add Claims." (Doc. 25). Currently pending are Mr. Golie's claims of destruction of photos and other property without due process, his First Amendment mail claims, and his Eighth Amendment hygiene and denial of medical care claims. *(*Service Order, Doc. 13 at 10.)

In his current motion, Mr. Golie details disciplinary actions that have been brought against him at the prison and resulted in a loss of visiting privileges and restrictive housing. Based upon these restrictions, he asks for the appointment of

1

counsel, an injunction requiring the prison to lift those restrictions and provide him with confidential investigative material, an order extending discovery, and an order allowing him to amend his Complaint to add new claims. Mr. Golie has failed to comply with a number of local rules and scheduling deadlines, and he seeks to litigate issues wholly unrelated to his current lawsuit. Therefore, the motion for appointment of counsel and to extend discovery will be denied. Mr. Golie's motion for a temporary injunction and to amend his Complaint also should be denied.

**I. Temporary Injunction**

Mr. Golie seeks an order from the Court lifting the visitation ban placed upon him, requiring the release of confidential investigative files, and requiring the prison to transfer him to a regional prison. Courts may grant preliminary injunctive relief pursuant to Rule 65 of the Federal Rules of Civil Procedure. Such remedies are disfavored, however, as they are "extraordinary and drastic." *Munaf v. Geren*, 553 U.S. 674, 689–90 (2008) (internal citations omitted); *see also Winter v. Natural Res. Defense Council*, 555 U .S. 7, 21 (2008). Ordinarily, preliminary injunctive relief aims to preserve the status quo pending a determination of the case on the merits. *Sierra Forest Legacy v. Rey*, 577 F.3d 1015, 1023 (9th Cir. 2009). Accordingly, the Supreme Court has observed that a preliminary injunction motion

must seek relief of the "same character as that which may be granted finally[,]" and the Court may not enjoin conduct relating to "a matter lying wholly outside the issues in the suit." *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945). Although the Ninth Circuit has not directly addressed the issue, other courts of appeals have repeatedly held that a litigant seeking preliminary injunctive relief must show "a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994); *Colvin v. Caruso*, 605 F.3d 282, 299–300 (6th Cir. 2010); *Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010).

Mr. Golie complains of issues regarding discipline and visitation that began in January 2015. His Complaint raises claims of destruction of photos and other property without due process, First Amendment mail claims, and Eighth Amendment hygiene and denial of medical care claims. As such, Mr. Golie is seeking to enjoin conduct completely unrelated to the claims in his Complaint.

In addition, Mr. Golie is seeking an injunction against individuals who are not parties to this lawsuit. This matter is currently pending against Thomas Malcomb, Paul Lucier, Denise Deyott, and Dr. Edwards. Mr. Golie is seeking an injunction against Diane Jacobs, Lt. Strey, and Dave Pentland. (Doc. 25 at 3.) As a general rule, courts are unable to issue orders against individuals who are not

parties to a suit pending before it. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100 (1969); *Zepeda v. United States Immigration Service*, 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court.").

Because Mr. Golie is seeking an injunction regarding matters beyond the scope of this case and against individuals who are not parties, the request for injunctive relief should be denied.

## II. Motion to Amend

The deadline for amended pleadings was July 1, 2015. (Scheduling Order, Doc. 19 at 2.) Mr. Golie's motion was not filed until September 3, 2015. Accordingly, it is an untimely request to add new claims. Mr. Golie did not obtain leave of Court to amend this deadline in the scheduling order upon a showing of "good cause" as required under Fed. R. Civ. P. 16(b)(4) and by the Scheduling order. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000) (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-09 (9th Cir. 1992)); (Doc. 19 at 1).

In addition, Rule 15.1 of the Local Rules for the District of Montana provides that: "When a party moves for leave to amend or supplement a pleading,

4

the proposed pleading must be attached to the motion as an exhibit." In his motion, Mr. Golie discusses a number of incidents and disciplinary proceedings, but he does not delineate any specific claims to add to his Complaint.

Finally, to the extent Mr. Golie seeks to add claims regarding disciplinary incidents beginning in January 2015, any amendment to his Complaint would violate the rules of joinder. A plaintiff may bring multiple claims against one defendant under Fed.R.Civ.P. 18(a), but Rule 20(a)(2) limits a plaintiff's ability to join multiple defendants to the same action. Under Rule 20(a)(2), a plaintiff may only sue multiple defendants in the same action if at least one claim against each defendant arises out of the same "transaction, occurrence, or series of transactions or occurrences" and there is a "question of law or fact common to all defendants." If defendants were involved in separate transactions that allegedly violated Mr. Golie's rights, he must file those claims in separate lawsuits. Mr. Golie is apparently seeking to add a variety of different claims against new defendants for incidents that occurred nearly two years after the incidents at issue in his Complaint.

Mr. Golie's motion to amend should be denied for several reasons. It is untimely, fails to comply with the Court's local rules, and violates the rules of joinder.

**III. Motion for the Appointment of Counsel**

Mr. Golie filed his first motion for the appointment of counsel on May 8, 2015. (Doc. 21.) The Court denied that motion on May 12, 2015. (Doc. 22.) As set forth in the Court's prior Order, a judge may only request counsel for an indigent plaintiff under "exceptional circumstances." 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

> A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.' Neither of these factors is dispositive and both must be viewed together before reaching a decision.

*Terrell*, 935 F.2d at 1017 (citing *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (citations omitted).

The Court previously found that Mr. Golie had not made a sufficient showing of exceptional circumstances because he had not demonstrated a likelihood of success on the merits or his inability to articulate his claims pro se. (Doc. 22.) Mr. Golie has provided no additional basis upon which to request counsel to represent him in this matter. He simply argues that due to disciplinary restrictions imposed upon him at the prison, he "finds it almost impossible to efficiently proceed and represent the facts." (Mtn, Doc. 25 at 5.) Mr. Golie has not demonstrated a likelihood of success on the merits or that he is unable to articulate

6

his claims pro se. The request for appointment of counsel will be denied.

**IV. Discovery Extension**

The Court's April 27, 2015 Scheduling Order set a August 29, 2015 deadline for serving discovery requests. Mr. Golie's motion was filed on September 3, 2015. (Doc. 25.) Pursuant to the prison mailbox rule, a filing by a pro se prisoner is deemed filed when it is delivered to prison authorities. *Houston v. Lack*, 487 U.S. 266, 276 (1988). But a prisoner is not entitled to the benefit of the prison mailbox rule when he sends his filing to a third party for forwarding to the Court. *Gomez v. Castro*, 47 Fed.Appx. 821 (2002); *Paige v. United States*, 171 F.3d 559, 560–61 (8th Cir. 1999).

Mr. Golie admits in his motion that he sends all documents for copy out to family for help. (Mtn. Doc. 25 at 5.) Defendants have presented evidence that Mr. Golie's motion was mailed from Hamilton, Montana, on September 1, 2015. The prison mailbox rule, therefore, does not apply in this case, and Mr. Golie's motion to extend discovery is untimely.

Mr. Golie did not obtain leave of Court to amend the scheduling order upon a showing of "good cause" as required under Fed. R. Civ. P. 16(b)(4) and by the Scheduling Order. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000) (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-09 (9th

Cir. 1992)); (Doc. 19). The motion will be denied.

Based upon the foregoing, the Court issues the following:

## ORDER

1. Mr. Golie's Motion for Appointment of Counsel (Doc. 25) is **DENIED**.

2. Mr. Golie's Motion to Extend the deadline for serving discovery requests (Doc. 25) is **DENIED**.

3. At all times during the pendency of this action, Mr. Golie must immediately advise the Court of any change of address and its effective date. Failure to file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Further, the Court issues the following:

## RECOMMENDATIONS

1. Mr. Golie's Motion for a Temporary Injunction (Doc. 25) should be **DENIED**.

2. Mr. Golie's Motion to Add Claims (Doc. 25) should be **DENIED**.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS &
RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

Mr. Golie may file objections to these Findings and Recommendations

within fourteen (14) days after service (mailing) hereof.[1] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 5th day of October, 2015.

                                              */s/ John Johnston*
                                              John Johnston
                                              United States Magistrate Judge

---

[1] As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed.R.Civ.P. 6(d). Therefore, three (3) days are added after the period would otherwise expire.